No. 85-53

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

DAVE WARWOOD,

        Plaintiff and Appellant,

  -vs-

JAMES L. HUBBARD AND YELLOWSTONE
OUTFITTERS, INC.,

        Defendants and Respondents.

---

APPEAL FROM:  District Court of the Eighteenth Judicial District,
               In and for the County of Gallatin,
               The Honorable Joseph B. Gary, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Richard C. Conover argued, Bozeman, Montana

    For Respondents:

        Morrow, Sedivy & Bennett; Edmund P. Sedivy argued,
        Bozeman, Montana

---

Submitted: October 28, 1985

Decided: November 19, 1985

Filed:   NOV 19 1985

*Clerk signature*

---
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Plaintiff-appellant, Warwood, appeals an order of the Gallatin County District Court denying his motion for preliminary injunction to enjoin defendant-respondent from using the name "Yellowstone Outfitters" in conjunction with outfitting services. We affirm.

Appellant and respondent both offer outfitting services near Yellowstone Park, and both operate under the name "Yellowstone Outfitters." Documentary evidence shows respondent was using the name in 1979, while appellant's first documented use was in 1980. Neither party knew of the other's use of the name until 1984.

The appellant raises several issues on appeal. However, the only issue we need to address is whether "Yellowstone Outfitters" is primarily geographically descriptive, and therefore not subject to exclusive appropriation as a mark at common law and not subject to registration according to statute. We conclude that it is primarily geographically descriptive.

The controlling statute is section 30-13-303, MCA. Under that statute:

> (1) A mark by which the goods or services of any applicant for registration may be distinguished from the goods or services of others may not be registered if it:
>
> . . .
>
> (e) comprises a mark that:
>
> (i) when applied to the goods or services of the applicant, is merely descriptive or deceptively misdescriptive of them;
>
> (ii) when applied to the goods or services of the applicant is primarily geographically descriptive or deceptively misdescriptive of them . . ..

- 2 -

The only Montana case concerning geographically descriptive names is Esselstyn v. Holmes (1911), 42 Mont. 507, 114 P. 118. In that case, we held that the District Court properly refused to enjoin the defendant from using the trade name "Owl Creek Coal" in the sale of coal mined, in common with coal mined by the plaintiff, in a region of country known as the Owl Creek Coal Field.

This Court's reasoning in Esselstyn is equally applicable to the present case as well. In Esselstyn, we stated that:

> [N]o one can apply the name of a district or country to a well-known article of commerce, and obtain thereby such exclusive right to the application as to prevent others inhabiting the district or dealing in similar articles coming from the district from truthfully using the same designation.

Esselstyn, 114 P. at 121, quoting Delaware & Hudson Canal Co. v. Clark (1871), 80 U.S. 311, 20 L.Ed. 581. Owl Creek is a geographical name by which a certain Wyoming stream is known. It is also the name of the region or district through which the stream of that name flows. As such, the name is descriptive and cannot be appropriated as a trade name or mark. Coal is a generic name descriptive in character and purpose. It cannot be appropriated as a trade name or mark. Coal denotes the generic article, while Owl Creek denotes the place or locality of its production, and the two together denote coal from Owl Creek. The common law and Montana statutory law deny exclusive appropriation of such a name.

Esselstyn is controlling in this case. Yellowstone is the name of a river, county, and a National Park. Outfitters is a name descriptive of services being offered in the region around Yellowstone National Park. Together, the two denote outfitting services in the Yellowstone area. Therefore,

"Yellowstone Outfitters" is primarily geographically descriptive.

In addition, appellant does not fall within the exception to the rule against appropriation of geographically descriptive names. That exception is codified at section 30-13-303(2), MCA, which states that even a primarily geographically descriptive mark may be registered if it has become distinctive of the applicant's goods or services. Appellant has not shown that the name has become distinctive of his services.

Therefore, we hold that the name "Yellowstone Outfitters" is primarily geographically descriptive and not subject to exclusive appropriation at common law or registration by statute. The order of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

- 4 -